{¶ 25} I concur in the majority's analysis and disposition of appellant's first and second assignments of error. I fully concur in the majority's disposition of appellant's third assignment of error.
 {¶ 26} As noted by the majority, R.C. 2929.18(E) does not require the trial court hold a hearing to determine whether the offender is able to pay a financial sanction before imposing that sanction. State v.Schnuck (Sept. 25, 2000), Tusc. Cty. App. No. 2000AP020016. Furthermore, R.C. 2929.18(B)(6) only requires the trial court consider the offender's present and future ability to pay the sanction or fine prior to imposing it. In the case sub judice, the record does not affirmatively demonstrate the trial court failed to do so.
 {¶ 27} The majority states there is nothing in the record at the time of sentencing to indicate the appellant may be unable to pay. I disagree. The presentence report shows the appellant was unemployed, had no financial assets, and owed $200 per month for child support for which an arrearage existed. These circumstances are an indication appellant may be unable to pay. Nevertheless, the majority correctly points out appellant has failed to specifically reference where in the record he requested a hearing regarding his ability to pay or otherwise timely objected to the restitution order. Accordingly, the majority correctly overrules this assignment of error.
 {¶ 28} Although not necessary for resolution of appellant's third assignment of error, I wish to reiterate my disagreement with the majority's reliance on Schnuck for the proposition imposition of a restitution order is not a final appealable order until a hearing is held to enforce payment. I believe a restitution order is a final appealable order when entered as noted in my concurring opinion in Schnuck.
JUDGE WILLIAM B. HOFFMAN.